Civil action no. 2:22-MC-00036-JRG-CRW     Date 12-3-22
Case 2:22-CV-00142-JRG-CRW

Robert Lee Allen, Jr. (plaintiff)
              vs.                              case: 2:22-CV-142
Morristown City Police Dept., (defendants)
MPD officer J. Johnston
MPD officer Corporal Watson
MPD detective Gary Bean

## Amended Complaint

**I. Factual Background:** In this complaint I will explain to the court how the defendants in this case violated their own Morristown City Police Departments General Orders and Standard Operation Procedures. As doing so, violating my fourth amendment rights under the Constitution of the United States of America. (G.O. Number 200.04B). The purpose of this very General Order is to define the parameters of searches and seizures that are conducted without a warrant.

On February 15, 2022 at approximately 10:02 a.m. I was driving to meet my brother at the Lowland Credit Union at the Corner of East Main Street and Liberty Hill Rd.. I was blue lighted by Morristown Police cruiser and immediately pulled over to side of road. I had valid drivers license, insurance, but the tags and registration were not. The vehicle belonged to my brother at this time, left to him by my deceased mother. I wasn't pulled over for traffic violation, or expired tags, but for a warrant, a warrant for an alleged aggassault the day prior, 2-14-22, taken out by my estranged wife. After pulling over for police I exited the car, hands in the air, at gun point of five to 15 police officers. I was in fear for my life.

I was immediately hand cuffed and searched, put in back of police cruiser, no longer a threat to officers, public, or anyone else. The officers then conducted a lawful incedent to arrest search of the vehicle. Two officers searched vehicle as another stood and advised and or supervised this search. After this incedent to arrest search, the officer stated, "I didn't think you'd find a gun in there." They also were told to search the immediate area I was sitting, anywhere I could reach. The officer told them before hand that this search was a incedent to arrest" search. Lawful. During this incedent to arrest lawful search no contraband was found.

At approximately 10:13 A.M. my brother Joe L. Davis and owner of vehicle arives on the scene. (Remember I was meeting him at the Lowland Credit Union which is (location) 100 yards or less from where the police pulled me over.) My brother walked up and stated he was there to get the vehicle that I had been driving, that it was his mother's and she had died. The police officers told him okay, he could take it. But first he needed to move his truck out of road. At this point the MPD gave vehicle to my brother's control. The MPD knew right then that they were not impounding the vehicle, and did NOT impound vehicle per policy.

Officer J. Johnston then told corporal Watson to go do inventory search of vehicle. A secondary search after incedent to arrest search, and after officers giving permission to my brother to take car. So ok; why did officers conduct this second (inventory) search? The reason is clear. To not produce an inventory, plainly, because no inventory was logged on tow sheet. The reason was to investigate and that is illegal. During this illegal search, an alleged gun was found under drivers seat, within reaching distance of driver. ??

U.S. vs. Smith 3:19-CR-22-KAC DCP E.D. of Tennessee Sept. 16, 2022
The sixth circuit recently summarized that: Officers exercising their descretion to impound a vehicle must do so according to standard criteria and on the bases of something other than suspicion of evidence of criminal activity.
U.S. vs. JACKSON 682 F3d 488, 454 (6th Circuit 2012)

U.S. vs. KIMES 246 F3d 800, 805 (6th Cir 2001). For it to be deemed valid, an inventory search may not be undertaken for investigation purposes, and must ~~not~~ be conducted according to standard policy procedures. SMITH, 510 F3d at 651 (quoting U.S. vs. LUMPKIN, 159 F3d 983, 987 (6th Cir 1998). See also U.S. vs. Alexander, 954 F3d 910, 916 (6th Cir 2020)... stating that the inventory exception applies <u>only</u> when officers follow the <u>standarized criteria</u> or established routine governing the scope of the <u>inventory searches</u>. (quoting Florida vs. Wells 495 U.S. 1, 4 (1990) - The search is unconstitutional if the evidence establishes that the police acted in bad faith or for the sole purpose of investigations in conducting inventory search.

U.S. vs. HOCKENBERRY, 730 F3d 645, 659 (6th Cir. 2013) quoting U.S. vs. Vite-Espinoza, 342 F3d 462, 470 (6th Cir 2003). In other words, "Officers cannot hide an <u>investigative search</u> under the retext of an <u>inventory search</u>."
See id; South Dakota vs. Opperman, 428 US 364, 375-76 (1976) hat said, "the mere fact that an officer suspects that contraband may be und in vehicle does not invalidate an <u>otherwise proper inventory search</u>.
\* The search (inventory) was not proper in this case.

I maintain the car was never in police custody and that the inventory search conducted 11 to 13 minutes after lawful incedent to arrest search, was a pretext for the warrantless inventory search, for the officers to undoubtedly investigate a crime. A clear violation of the 4th amendment rights against unreasonable searches and seizures under the U.S. of America constitution.

1. Vehicle was not being towed.
2. Officers did not call tow service.
3. Officers did not fill out impound form.
4. Officers did not have consent to search, after incedent to arrest search was concluded.

Clearly this is evidence that there was not an intention to impound vehicle. But clear evidence the only reason inventory search was conducted was to investigate. A pretextoral investigative search and officers lacked probable cause to obtain search warrant.

Unconstitutional.
Everything that I alleged in the pages above is true and there's evidence to show. The police body cams show exactly this is I said above. The body cams show from the time I was pulled over till the time my brother drove away in vehicle with xpired tags. The Morristown police department violated policy and there's proof on body cams. The cams show the 4th Amendment violation and I know you'll see the truth. It don't change.

* During secondary/inventory search, alleged gun + ammo were found.
* Car was not impounded

Fisher vs. Lee case no. 2:16-CV-334 E.D. of Tenn. Aug. 5, 2019.

Under the fourth amendment which protects persons, houses, papers and effects, against unreasonable searches and seizures. U.S. Const amend, IV. Warrantless searches are presumptively unreasonable, and evidence discovered as a result is subject to suppression unless an exception to the warrant requirement is applicable. See Coolidge vs. New Hampshire 403 U.S. 443, 454-55 (1971). Katz vs. U.S. 389 U.S. 347, 357 (1967). Regulated inventory searches, which allow officers to inventory the contents of a lawfully impounded vehicle, are one such exception. See Colorado vs. Bertine 479 U.S. 367, 371 (1987) (holding inventory searches are now a well defined exception to the warrant requirement of the fourth amendment.

South Dakota vs. Opperman 428 U.S. 364, 372 (1976). An inventory search is the search of property, lawfully seized and detained, in order to insure it is harmless, to secure valuable items (such as might be kept in towed car), and to protect against false claims of loss or damage. Whren vs. U.S. 517 US 806, 811 n.1 (1996) (citation omitted). Thus, such searches serve to protect the owners property while in the custody of the police, to insure against claims of lost or stolen items, vandalized property, and to guard the police from danger.

Whether such a search is constitutionally permissable depends on its reasonableness in light of the facts and particular circumstances of the case, Opperman vs. U.S. 428 at 375. An inventory search is considered reasonable under the 4th amendment provided there is no showing that the police acted in bad faith or for the sole purpose of an investigation, and the officers

performed the search in accordance with standard procedure.
See Florida vs. Wells 495 US 1, 4 (1990).
  Bertine 479 U.S. at 372-73.
  U.S. vs. Hockenberry 730 F.3d 645, 658-59 (6th Cir. 2013)

The defendants in this case did not follow their own policy. The inventory search did not produce an inventory, which is the general reason for said search. The inventory search was not a valid search, and any evidence of a crime or contraband found during this illegal inventory search is fruit from the poisonous tree and therefore should be stricken, not being able to be used against plaintiff in any court of law, whether federal or state.

  U.S. vs. Alexander 2:18-CR-34 (13) 1-22-19
page 10
  A general written inventory policy does not grant officers carte blanche when conducting a search, rather, it must be sufficiently tailored to only produce an inventory. Jackson 682 F.3d at 455 (citing U.S. vs. Tackett 486 F.3d 230, 233 (6th cir. 2007). In conducting an inventory search officers do not enjoy their accustomed descretion, they simply follow the applicable policy. Hockenberry 730 F.3d at 659
  U.S. vs. Alexander 2:18-CR-34 ED Tenn. 1-21-19
MPD policy: When department member causes a vehicle to be towed, that member shall completely fill out a dept. vehicle impoundment form. A vehicle inventory shall be conducted in all cases where vehicle impoundment form is required. Plaintiff's car/vehicle he was driving and/or vehicle searched WAS NOT IMPOUNDED.

Conclusion.

I'm in jail now and have been for 9 months over this illegal inventory search.

I, Robert L. Allen, Jr. seeks the following relief.

1. That any evidence or contraband found or seized during this secondary/inventory search be stricken and or suppressed, and not be able to be used in any court of law whether its state or federal. And all charges derived from this illegal search be dismissed with prejudice.

2. That Morristown City Police Dept. not retaliate against me or my family because of this lawsuit.

3. That the Morristown City Police Dept. and defendants in this civil suit pay the plaintiff Robert L. Allen, Jr. in damages of the amount of $1.45 million punitive and $2.65 million compensantory.

Respectfully Submitted,

Can copies be sent to me of everything please.

Robert L. Allen, Jr. 10825350
SWVRJ - Abingdon
P.O. Box 280
Meadowview, Va. 24361