UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-CV-142 |
| | ) | |
| vs. | ) | |
| | ) | |
| MORRISTOWN CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 1] and a Motion [Doc. 4] to proceed *in forma pauperis*. On November 18, 2022, this Court granted Plaintiff's request to proceed *in forma pauperis*. [Doc. 5]. The Court then undertook the screening process required when litigants are granted permission to proceed without prepayment of fees. In doing so, the Court noted that Plaintiff did not provide a sufficient factual basis to support his claims but observed that Plaintiff could potentially set forth a colorable claim under 42 U.S.C. § 1983 if he provided a more fully developed factual basis for it. Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint.

Plaintiff filed an Amended Complaint [Doc. 6] on December 9, 2022. In his Amended Complaint, Plaintiff alleges the Morristown Police Department violated his Fourth Amendment rights by conducting an illegal inventory search of a vehicle he was driving wherein they

discovered a firearm.[1] [Doc. 6]. On December 27, 2022, after filing the Amended Complaint, Plaintiff entered into a plea agreement in a criminal case pending against him in which the search he claims was illegal and the weapon discovered as a result are at issue. [Case No. 2:22-CR-17, Doc. 99]. The District Court held Plaintiff's change of plea hearing on January 4, 2023 [Case No. 2:22-CR-17, Doc. 105], at which time Plaintiff entered a plea of guilty to one count of Possession of a Firearm by a Prohibited Person and was adjudged guilty of that count. [Case No. 2:22-CR-17, Doc. 99]. As a basis for the plea agreement, Plaintiff agreed and stipulated to a set of facts found in paragraph four of the agreement. [Case No. 2:22-CR-17, Doc. 99, p. 2-7]. Specifically, in the factual basis for his plea agreement, Plaintiff agrees and stipulates to the fact that he knowingly possessed the firearm which was discovered in the search that Plaintiff claims was illegal. [Case No. 2:22-CR-17, Doc. 99, p. 6].

I.   ANALYSIS

It is well-settled that if a search produced evidence used to obtain a conviction, a § 1983 claim alleging the search was illegal is barred unless the conviction is overturned. As the court in *Walker v. Biddinger* recently explained:

> "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's [conviction] and incarceration [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of [Plaintiff's conviction] and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 609–14 (6th Cir. 2014) (holding that *Heck* barred the plaintiff's civil rights action that police used excessive force in making an arrest where the plaintiff was convicted of resisting arrest based on the same underlying exercise of force); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396, 398–99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is

---

[1] The Court acknowledges that Plaintiff complied with the Court's Order directing him to file an amended complaint with a detailed factual basis for his § 1983 claim. But for Plaintiff's guilty plea, the Court would consider the additional facts alleged in the Amended Complaint to determine if they were now sufficient to state a claim. However, because of Plaintiff's guilty plea, caselaw requires the Court to recommend dismissal with prejudice.

overturned unless the evidence was admitted under an exception to the exclusionary rule), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).

No. 1:21-CV-106, 2021 WL 1884539 (W.D. Mich. May 11, 2021). A guilty plea is considered a conviction. *Dickerson v. New Banner Inst.*, 460 U.S. 103, 112-13 (1983).

Here, Plaintiff entered a guilty plea to possession of a firearm which he claims in this case was uncovered illegally. Under the Supreme Court and Sixth Circuit precedent outlined above, Plaintiff's § 1983 claim cannot proceed because a finding that the search was illegal would undermine the basis of his criminal conviction.

## II. CONCLUSION

For reasons stated above, the undersigned recommends that Plaintiff's Amended Complaint [Doc. 6] be **DISMISSED with prejudice**. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d 260, 263 (6th Cir. 1990) wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).